IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Dwayne Housey, #328012, | ) | Civil Action No. 5:16-19-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Lieber Corr. Inst., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Respondent's motion for summary judgment be granted. For the reasons set forth below, the Court adopts the Report and Recommendation.

I. **Background**

Petitioner is currently incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections. On April 21, 2008, Petitioner was convicted in York County, South Carolina, for trafficking cocaine and sentenced to twenty-five years' imprisonment. On January 25, 2011, the South Carolina Court of Appeals affirmed Petitioner's conviction and sentence. (Dkt. No. 25-9.) Petitioner filed an application for Post-Conviction Relief ("PCR") on April 4, 2011, alleging ineffective assistance of trial counsel because trial counsel failed to object to prosecutorial misconduct. On May 10, 2012, the PCR court denied Petitioner's PCR application. The South Carolina Court of Appeals denied Petitioner's Petition for Writ of Certiorari regarding his PCR application on November 4, 2014. (Dkt. No. 25-14.) The remittitur was issued on November 20, 2014, and was filed in the York County Circuit Court on November 24, 2014. (Dkt. Nos. 25-15 & 25-16.) Petitioner filed the present habeas petition on January 4, 2016. (Dkt. No. 1.) On August 23, 2016, the Magistrate Judge recommended the petition be

denied as untimely. (Dkt. No. 31 at 16.) On September 6, 2016, Petitioner filed "Objections to the Magistrate's Report and Recommendation" stating "Petitioner . . . hereby respectfully abides by the report and recommendation of the Honorable United States Magistrate Judge, Kaymani D. West, with no objections. The Petitioner wishes to backtrack to correct his legal position in this matter . . . ." (Dkt. No. 33.)

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.    Discussion

A petition for habeas corpus must be filed within one year of the latest of several triggering dates given by statute. 28 U.S.C. § 2244(d)(1). The most common triggering date is the denial of Petitioner's direct appeal to the state court of last resort. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period accrues on the day following the date of state court of last resort's decision, not the date of issuance of its mandate or remittitur. *Gonzalez v. Thaler*, 132 S. Ct. 641, 654 (2012). Here, there was no direct appeal to the South Carolina State Supreme Court. In such cases, the triggering date is the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Regarding the present Petition, the time for seeking direct appeal expired on

February 25, 2011, and the habeas limitations period accrued on the next business day, February 28, 2011.

Additionally, the one-year limitations period is tolled during the pendency of PCR proceedings. 28 U.S.C. § 2244(d)(2). The PCR tolling period begins when an initial PCR application is properly filed in state court. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). It includes the time during which the denial of the PCR application is on appeal within state courts, including the time between the PCR court's denial of the application and the filing of a timely notice of appeal. *Evans v. Chavis*, 546 U.S. 189, 191, 198, 201 (2006). But it does not include certiorari review by the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007). The tolling period ends when the final state appellate decision affirming denial of the application is filed in the state circuit court. *Beatty v. Rawski*, 97 F. Supp. 3d 768, 780 (D.S.C. 2015). Petitioner filed his PCR application on April 4, 2011. The final state appellate decision affirming denial of his application was filed in York County Circuit Court on November 4, 2014. Therefore, the petition, filed on January 4, 2016, is untimely. Petitioner concedes the point. (Dkt. No. 33.)

The Supreme Court has held that the statute of limitations for habeas petitions "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The limitations period should be equitably tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562. The Magistrate Judge found "that Petitioner has not presented evidence of an extraordinary circumstance that was beyond his control that prevented him from filing a timely habeas petition." (Dkt. No. 31 at 15.) Petitioner concedes the Magistrate Judge's finding. (Dkt. No. 33.) The Court therefore agrees that equitable tolling of the statute of limitations is inappropriate in this case. Because the petition for habeas relief is procedurally

barred, the Court agrees with the Magistrate Judge's recommendation that the petition be dismissed without consideration of the merits. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (concluding courts should not consider the merits of procedurally barred claims for habeas relief).

### IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 31) as the Order of the Court, **GRANTS** Respondent's motion for summary judgment (Dkt. No. 26), and **DISMISSES** the petition (Dkt. No. 1).

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 13, 2016
Charleston, South Carolina